UNITED STATES DISTRICT COURT     FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                :

RUSSELL WALKER,                         :

                               Petitioner,     :
                                                 :                  MEMORANDUM
                                                 :                  AND ORDER
         - against -                             :

RAYMOND CUNNINGHAM, Superintendent,    :                  08 CV 2735 (JG)
Woodbourne Correctional Facility,             :

                                       Respondent.    :
----------------------------------------------------------------- X

A P P E A R A N C E S:

    RUSSELL WALKER
        04A4781
        Woodbourne Correctional Facility
        99 Prison Road
        P.O. Box 1000
        Woodbourne, NY 12788-1000
        Petitioner, *pro se*

    RICHARD A. BROWN
        District Attorney
        Queens County
        125-01 Queens Boulevard
        Kew Gardens, NY 11415-1568
    By:    John M. Castellano
            Nicoletta J. Caferri
            Laura T. Ross
            Attorneys for Respondent

JOHN GLEESON, United States District Judge:

        Russell Walker, a prisoner incarcerated in the Woodbourne Correctional Facility pursuant to a judgment of the New York State Supreme Court, Queens County, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Walker challenges his conviction following a

jury trial of one count of robbery in the second degree and one count of assault in the second degree. Appearing *pro se*, Walker seeks habeas relief on the grounds discussed below. Oral argument was held on October 22, 2008, at which Walker appeared by videoconference from the facility in which he is serving his sentence. For the reasons set forth below, the petition is denied.

BACKGROUND

A.   *The Offense Conduct*

The government's evidence at trial established that at approximately 11:00 a.m. on May 5, 2003, Walker followed 60-year-old Gladys Rios into her apartment building in Jackson Heights, Queens and attacked her. Walker repeatedly struck Rios, hitting her face and causing her to fall to the floor. Before fleeing, Walker took a wallet containing $25 out of Rios's purse and grabbed at her neck, ripping off her two necklaces. As a result of Walker's attack, both sides of Rios's face were bruised and she experienced a great deal of pain. At the time of trial, Rios still felt pain in her face and her face was partially paralyzed.

B.   *The Procedural History*

1.   *The Trial Court Proceedings*

Walker was arrested and charged in New York Supreme Court, Queens County with one count of robbery in the first degree, two counts of robbery in the second degree, one count of assault in the second degree, one count of assault in the third degree, and one count of intimidating a witness in the third degree. A jury found Walker guilty of the charges with respect to the attack on Rios -- robbery in the second degree and assault in the second degree -- and acquitted him of the other charges, which pertained to a similar attack of a 61-year-old man two weeks earlier in the same neighborhood. On August 24, 2004, Walker was sentenced to

concurrent determinate terms of imprisonment of ten years for the second degree robbery conviction and five years for the second degree assault conviction.

2. *The Direct Appeal*

On appeal to the New York Supreme Court, Appellate Division, Second Department, Walker argued through his assigned attorney that certain comments in the prosecution's summation deprived him of due process and a fair trial. Walker argued that the prosecutor's summation (1) attempted to arouse the jurors' sympathies for the victims and fears of the defendant; and (2) improperly shifted the burden of proof.

On December 12, 2006, the Appellate Division unanimously affirmed Walker's convictions, holding that his challenges to the prosecutor's summation were "unpreserved for appellate review" and declining to review them "in the exercise of our interest of justice jurisdiction." *People v. Walker*, 824 N.Y.S.2d 740 (2d Dep't 2006). Walker sought leave to appeal, and the New York Court of Appeals denied that application on April 5, 2007. *People v. Walker*, 8 N.Y.3d 950 (2007) (Pigott, J.).

3. *The Instant Petition*

Walker filed this petition on June 30, 2008, claiming that he is entitled to a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that allegedly improper comments made by the prosecutor in her summation deprived him of due process and a fair trial.

At oral argument, Walker asked that I hold his petition in abeyance in light of his intention to seek relief in state court via two proceedings: (1) a § 440 motion asserting that trial counsel was ineffective in failing to object to the prosecutor's summation; and (2) a petition for a writ of error *coram nobis* asserting that appellate counsel was ineffective in failing to raise the foregoing ineffective assistance claim and in failing to appeal the denial of Walker's pretrial

3

motion to suppress the victims' identification testimony on the ground that they had viewed a tainted line-up.

Walker's claim regarding the prosecutor's summation is in procedural default because the state court rejected it on an independent and adequate state procedural ground. Walker does not show cause for his procedural default or prejudice resulting therefrom. He also fails to show that a miscarriage of justice would result if I do not review his claim. In any event, this procedurally defaulted claim is without merit.

## DISCUSSION

A.   *The Standard of Review*

   1.   *Procedural Default*

Where there has been actual and explicit reliance upon procedural default to dispose of a claim in state court, there is an "adequate and independent state ground" for the judgment, prohibiting federal habeas review. *Harris v. Reed*, 489 U.S. 255, 261 (1989); *Galarza v. Keane*, 252 F.3d 630, 637 (2d Cir. 2001) (reliance must be "unambiguous and clear from the face of the opinion"); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995); *see also Coleman v. Thompson*, 501 U.S. 722, 744, 750 (1991) (noting the state's interest in "channeling the resolution of claims to the most appropriate forum, in finality, and in having the opportunity to correct [their] own errors"); *but see Lee v. Kemna,* 534 U.S. 362, 376, 381 (2002) (noting the existence of a "small category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question").[1]

---

[1] In this case, the Appellate Division's decision is based on the contemporaneous objection requirement and defendant's failure to challenge the prosecutor's summation remarks during trial. *People v. Walker*, 824 N.Y.S.2d 740 (2d Dep't 2006) (citing N.Y. Crim. Pro. Law § 470.05(2)). Accordingly, Walker has no plausible argument with respect to the adequacy of the state ground barring federal review of his claims. *See, e.g.*,

4

Where the state appellate court rejects a state prisoner's claim as procedurally defaulted, the claim may be considered on federal habeas review only upon a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or upon a showing that a miscarriage of justice will result if the claim is not reviewed. *Coleman,* 501 U.S. at 750; *Teague v. Lane*, 489 U.S. 288, 298 (1989). A petitioner may establish cause by showing "'that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials . . . made compliance impracticable.'" *Coleman*, 501 U.S. at 753 (internal quotation marks omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). To satisfy the prejudice requirement, the alleged error must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (internal quotation marks omitted).

If the petitioner is unable to show cause and prejudice, his procedural default may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to hear the claim on the merits, *i.e.*, "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The miscarriage of justice exception to the procedural default rule is "extremely rare," and should be applied only in "extraordinary circumstances." *Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) (citing *Schlup*, 513 U.S. at 321-22).

2. *AEDPA Deference*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions where the state court has adjudicated a

---

*People v. Nieves*, 2 A.D.3d 539 (2d Dep't 2003) (challenges to prosecutor's summation were unpreserved for appellate review when they were not objected to at trial).

petitioner's federal claim on the merits. 28 U.S.C. § 2254(d). Under the AEDPA standard, the reviewing court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*[2]

B.    *Walker's Claims*

    1.    *Prosecutorial Misconduct*

Walker seeks habeas relief based on the claims that the prosecutor's summation (1) attempted to arouse the jurors' sympathies for the victims and fears of the defendant, and (2) improperly shifted the burden of proof. As discussed above, Walker's claim is procedurally barred because the Appellate Division explicitly held that Walker's challenges to the prosecutor's summation comments were unpreserved for appellate review.

The New York Court of Appeals' subsequent decision summarily rejecting Walker's application for leave to appeal the Appellate Division's decision does not alter the determination that the Walker's claim is procedurally barred from federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (finding that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits"). Because the state court's decision actually and explicitly relied on a procedural default and was not based on the merits, there is an independent and adequate state law ground for the judgment, to which I must defer.

---

    [2]    Where a state court determination clearly and expressly relies on procedural grounds only and not on the merits of a petitioner's claims, as is the case here, AEDPA deference is not owed. Thus, if the procedural ground on which the state courts relied was found here not to be adequate, I would proceed to review the merits of Walker's claim *de novo*. *See Bell v. Miller*, 500 F.3d 149, 154-55 (2d Cir. 2007).

In addition, Walker has failed to demonstrate cause for the default,[3] prejudice therefrom or that a miscarriage of justice would result if the prosecutorial claim were not reviewed here. His assertion at oral argument that he is innocent falls far short of the requirement that he set forth "new reliable evidence" of innocence that was not presented at trial. *Schlup*, 513 U.S. at 324.

Moreover, Walker's claim is meritless. Habeas relief based on a claim of prosecutorial misconduct during summation is unavailable unless the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Pimentel v. Walsh*, No. 02 Civ. 570, 2003 WL 22493451, at *7 (S.D.N.Y. Nov. 4, 2003) ("To obtain relief on a prosecutorial misconduct claim, a habeas petitioner must show that 'the prosecutor engaged in egregious misconduct . . . amounting to a denial of constitutional due process.'" (ellipsis in original) (quoting *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir. 1991))). A petitioner "must demonstrate that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994). In making this determination, the habeas court should consider the severity of the prosecutor's conduct; the measures, if any, that the trial court took to remedy any prejudice; and the certainty of conviction absent the prosecutor's remarks. *Id.*

---

[3] Walker does not attempt to show cause for his default and conceivable bases based on the facts of his case are meritless. For example, any argument by Walker that his counsel's failure to object amounted to "cause," would have failed because "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Moreover, Walker would have been precluded from relying on an ineffective assistance of counsel claim as the basis for cause because this claim is itself unexhausted. Walker never claimed in state court that his trial counsel was ineffective for failing to object to the prosecutor's summation remarks and thus, he has no such basis for cause. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). His belated application to stay this petition for that purpose is addressed below.

Walker argues that the prosecutor's summation amounted to prosecutorial misconduct for a number of reasons. Specifically, Walker argues that the prosecutor attempted to arouse the jurors' sympathies for the victims in her summation when she said, "this defendant committed two brutal assaults and robberies against two separate people, … both approximately 60 years old … just on their way home from work, trying to get home." Trial Tr. 378. Walker further argues that the prosecutor provoked jurors' fears of him by repeatedly telling the jury that he "beat" and "attacked" Rios and by using emotionally laden terms like "brutal" to characterize the attacks. Trial Tr. 388-89, 391. Walker also asserts that the prosecutor improperly likened the victims to the jurors when she said, "They are people, people like you." Trial Tr. 392-93. In addition, Walker argues that the prosecutor impermissibly vouched for her witnesses when she said with respect to Rios's identification of Walker as her attacker that "negative events can be burned into your mind with emotion." Trial Tr. 392. Finally, Walker argues that the prosecutor made burden shifting remarks when she told the jurors that it was their duty to decide "who committed these brutal assaults and robberies" and that there was "no evidence that anyone other than the defendant is the person who committed these robberies." Trial Tr. 382, 393. Walker argues that these remarks shifted the burden of proof from the prosecution by faulting Walker for failing to prove that someone else had committed the crimes and also incorrectly implying to the jury that it was their duty to go on a truth-seeking mission rather than try to assess whether the prosecution had proven its case beyond a reasonable doubt.

These comments are not constitutionally troublesome. A prosecutor has broad latitude during summation, particularly when responding to defense counsel's summation. In the challenged statements, the prosecutor was, for the most part, commenting fairly on the evidence or responding to the defense summation, which called into question the reliability of the victims'

identifications. For example, it was not improper for the prosecutor to comment on the age of the victims, the manner in which they were beaten, the fact that the attacks were "brutal" and that both victims were returning from work when they were attacked. The evidence at trial supported those statements. Nor did the prosecutor's remark regarding "negative events [being] burned into [one's] mind with emotion" amount to impermissible vouching. Rather, it was a fair response to the defense summation, which challenged the ability of the victims to identify Walker as their attacker. Similarly, the prosecutor's allegedly burden-shifting remarks were not improper but rather were appropriate comments on the sufficiency of the prosecution's proof of Walker's guilt.

      I agree that a prosecutor should not ask jurors, in essence, to place themselves in the shoes of a victim. Personalizing events in that way runs the risk that jurors will act out of fear or sympathy, and not simply decide whether the elements of the offense have been proven beyond a reasonable doubt. For this reason, the prosecution in Walker's case should have refrained from describing the victims as "people like you." However, viewing the remark in context, I am persuaded that the prosecutor was attempting to get the jurors to understand the witnesses' ability to make accurate identifications, not to feel (or fear) their pain as victims. In any event, this remark does not come close to the level of "egregious misconduct" a petitioner must show to sustain a due process claim.

      In sum, the challenged statements in the prosecutor's summation did not deprive Walker of a fair trial. Moreover, given the abundance of evidence of guilt, even if those statements were inappropriate, they would not warrant the grant of habeas relief because they did not have a substantial and injurious effect or influence on the jury's verdicts. *See Fry v. Pliler*, 127 S. Ct. 2321, 2328 (2007).

2. *The Claims Raised at Oral Argument*

Walker requested permission at oral argument to pursue two collateral attacks in state court -- a § 440 claim alleging ineffective assistance of trial counsel (failure to object to summation) and a *coram nobis* alleging ineffective assistance of appellate counsel (failure to argue ineffectiveness of trial counsel and failure to challenge denial of motion to suppress identifications). Walker wants to exhaust those claims in state court. Though those claims are not included in the instant petition, and Walker has not couched his application as one seeking a "stay and abeyance" of the instant petition pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (2005), I deem his request to seek both forms of relief. I grant the request to amend the petition to assert the claims, deny the request for a stay and abeyance, and deny the claims on the merits.

AEDPA permits the denial (though not the granting) of unexhausted claims on their merits. *See* 28 U.S.C. § 2254(b)(2). To the extent Walker claims ineffective assistance based on trial counsel's failure to object to the summation and the appellate counsel's decision not to complain about that failure, it follows from the preceding discussion that there was no such ineffective assistance. Specifically, since I do not find the summation objectionable, I conclude that trial counsel cannot properly be criticized for failing to object to it.

I also find without merit the claim that appellate counsel was ineffective in failing to challenge on appeal the denial of the motion to suppress the victims' identification testimony. The Supreme Court has established the following standard for claims that defense counsel provided ineffective assistance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

10

> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. Unless a defendant makes both showings, it
> cannot be said that the conviction … resulted from a breakdown in
> the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Thus, to make out this type of claim, the petitioner must demonstrate both (1) that his attorney's performance "fell below an objective standard of reasonableness," *id*. at 688, and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

In assessing whether counsel's performance was deficient, judicial scrutiny "must be highly deferential," and the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted); *accord Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998); *see also Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*) ("[C]ounsel has wide latitude in deciding how best to represent a client. . . ."). The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct," *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), instead emphasizing that "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms,'" *id.* (quoting *Strickland*, 466 U.S. at 688), which requires "a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins*, 539 U.S. at 523 (quoting *Strickland*, 466 U.S. at 689).

The same test applies to claims regarding the performance of appellate counsel. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994); *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992). Appellate counsel need not present every nonfrivolous argument that could be

made.  *See Mayo*, 13 F.3d at 533 (citing *Jones v. Barnes,* 463 U.S. 745, 754 (1983)); *see also Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (emphasizing that appellate counsel "need not advance *every* argument, regardless of merit, urged by the appellant").  Moreover, reviewing courts should not employ hindsight to second-guess an appellate attorney's strategy choices any more than it may do so in evaluating the performance of trial counsel.  *See Mayo*, 13 F.3d at 533 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).  A petitioner, however, may establish constitutionally inadequate performance if he shows that his appellate counsel omitted material and obvious issues while pursuing matters that were patently and significantly weaker.  *Cf. Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998) ("[R]elief may be warranted when a decision by counsel cannot be justified as a result of some kind of plausible trial strategy.").

Appellate counsel's decision not to appeal the outcome of the suppression hearing was precisely the sort of strategic decision that warrants deference.  The gist of Walker's complaint, as expressed both in the trial court and at the oral argument of this petition, is that the victims' descriptions of the perpetrator(s) of the two robberies Walker was charged with differed from an accurate description of Walker himself.  That complaint is wholly legitimate, but it raises a trial issue, not a suppression issue.  That is, the fact that the victims' post-crime descriptions may vary from an accurate description of the defendant does not render a line-up suggestive, but it is an important impeaching fact at trial.  Appellate counsel's argument seized on precisely that fact by first challenging the prosecutor's summation in the manner discussed above and then arguing that the misconduct was significant precisely because the witness descriptions were incorrect:

> Nor can the prosecutor's misconduct be considered harmless.  Most of the inflammatory remarks appealing to the jurors' sympathies regarded the Rios robbery, the only counts of which the jurors convicted appellant.  The jurors rightly acquitted

> him of the robbery of Giordano and the intimidating a witness count. There were also significant discrepancies in the description given by Rios of the perpetrator and appellant. Rios said the robber was his mid-thirties, but appellant was only 26, that he was light-skinned, though appellant was dark, and that he had a short Afro, when appellant, only a few months later at his arrest, had long hair. Given the stressfulness of the attack, the fact that the robber approached Rios from behind, and that appellant was wearing a hat during the lineup obscuring his hair, the evidence was questionable that appellant was Rios's robber.

Walker's Brief on Direct Appeal, at 22. Thus, appellate counsel in fact asserted Walker's complaint about the identifications of him by the two victims, and chose to do so in tandem with the claims of prosecutorial misconduct. That this argument did not succeed does not render appellate counsel's performance ineffective.[4]

In sum, because I conclude that Walker's newly-announced claims plainly have no merit, I decline to stay the instant petition and instead deny them on the merits. *See Rhines*, 544 U.S. at 277. Accordingly, I need not address (or ask Walker to address) either the timeliness of those claims (*i.e.*, whether they relate back to the filing of the petition pursuant to *Mayle v. Felix*, 545 U.S. 644 (2005)), or whether the contemplated § 440 claim should be deemed procedurally defaulted because it will assert a claim that could have been raised on direct appeal but was not.

## CONCLUSION

For the foregoing reasons, the petition is denied. As Walker has failed to make a

---

[4] Moreover, I have reviewed the transcript of the suppression hearing and the hearing court's memorandum decision dated October 23, 2003, which found that the challenged identification procedure was not unduly suggestive. I see no basis for a successful appellate challenge to that holding, and even if one were made, Walker would then need to prevail at the independent source hearing in order to obtain suppression of Rios's testimony. Appellate counsel's decision not to pursue those claims was entirely reasonable.

13

substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 28, 2008